**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

KIMBERLY EDWARDS                                            PLAINTIFF

v.                                        CIVIL ACTION NO. 3:17-cv-909-HSO-LRA

MINACT LOGISTICAL SERVICES                                  DEFENDANT

---

**MEMORANDUM IN SUPPORT OF
MINACT LOGISTICAL SERVICES, LLC'S MOTION TO DISMISS**

---

Minact Logistical Services, LLC ("Minact")[1] hereby submits its memorandum brief in support of its Motion to Dismiss:

## <u>INTRODUCTION</u>

The entirety of Plaintiff's Complaint against Minact should be dismissed for failure to state a claim. Plaintiff's threadbare, conclusory allegations of denied overtime are insufficient to state a plausible claim for relief under the Fair Labor Standards Act ("FLSA"). Moreover, Plaintiff's purported discrimination and/or retaliation claims under Title VII of the Civil Rights Act of 1964 ("Title VII") and/or the Age Discrimination in Employment Act ("ADEA") are administratively barred and time-barred. To the extent Plaintiff's remaining allegations may be discerned, Plaintiff's Complaint and assorted attachments fail to state a plausible claim under applicable state or federal laws. Accordingly, Plaintiff's Complaint should be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

---

[1] Minact is improperly identified in the Complaint as "Minact Logistical Services."

1

## BACKGROUND

Plaintiff Kimberly Edwards ("Plaintiff"), a former employee of Minact Logistical Services, LLC ("Minact") filed her *pro se* Fair Labor Standards Act ("FLSA") Complaint against Minact on November 15, 2017. Doc. 1. Plaintiff has used a standard FLSA complaint form to plead her claims, and on that form, she checked a box alleging that Minact failed to pay her required overtime compensation. Doc. 1, p. 4. Plaintiff's Complaint lacks any further factual specifics concerning her FLSA overtime claim.

Attached to Plaintiff's FLSA Complaint is an administrative charge filed with the Equal Employment Opportunity Commission ("EEOC") against Minact. It alleges that Minact engaged in retaliation and discrimination against Plaintiff based on her race, sex, and religion in violation Title VII by failing to transfer or promote her to a different position after being employed with Minact for two weeks. Doc. 1-1. The charge also alleges Plaintiff was discharged from her Minact employment on or about August 15, 2016, after testing positive for cocaine during a drug test, but also that Plaintiff "believe[s] the company discriminated against [her] . . . because of [her] sex (female) and [her] race (black). . ., [her] religion (Baptist) . . . [and because she] was young and married." Doc. 1-1; Doc. 1-3, p. 1. Plaintiff's right to sue letter from the EEOC, EEOC intake questionnaire form, and assorted handwritten pages are also attached to her FLSA Complaint. *See* Doc. 1-2; Doc. 1-3. Within these attachments, Plaintiff reiterates her allegations of discrimination and retaliation and introduces additional allegations relating to denied "sick leave" and purported privacy violations. *Id.*

While the complete scope of Plaintiff's claims remains unclear, it appears, based on a liberal construction of her pleadings, that she has attempted to assert claims against Minact under the FLSA, Title VII, and/or the ADEA. Because Plaintiff's purported allegations are insufficient

to state a plausible claim under state or federal law, Minact now moves to dismiss Plaintiff's Complaint with prejudice pursuant to Rule 12(b)(6).

## STANDARD OF REVIEW

To survive a motion to dismiss under Rule 12(b)(6), Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Plaintiff's factual allegations must allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002).  "Labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor will "naked assertion[s]" which are "devoid of 'further factual enhancement.'" *Twombly,* 550 U.S. at 555; *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

When reviewing a Rule 12(b)(6) motion, the Court may properly consider the allegations of the complaint and all attachments to the complaint. *See Lone Star Fund v. (U.S.) L.P.V. Barclays Bank PLLC,* 594 F.3d 383, 387 (5th Cir. 2010).   If the complaint and attachments demonstrate that the asserted claims are barred by the plaintiff's failure to exhaust mandatory administrative remedies and/or by the statute of limitations, dismissal with prejudice pursuant to Rule 12(b)(6) is appropriate. *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003); *see also Stripling v. Jordan Prod. Co., LLC,* 234 F.3d 863, 872-73 (5th Cir. 2000) ("it is within the district court's discretion to deny a motion to amend if it is futile").

## ARGUMENT

**I.  Plaintiff's threadbare overtime allegations are insufficient to state a plausible claim for relief under the FLSA.**

Plaintiff's bald, conclusory allegations that she was denied overtime are insufficient to state a claim under the FLSA.  The FLSA requires that employers pay nonexempt employees who work more than forty hours per seven - day work week at a rate not less than one and one-half times the employee's regular rate.  *Garner v. Chevron Phillips Chem. Co., LP*, 834 F. Supp. 2d 528, 543-44 (S.D. Tex. 2011) (citing 29 U.S.C. § 207(a)(1)).[2]  Although the Fifth Circuit has not addressed the types of factual allegations necessary to survive the motion to dismiss stage, other circuits have required that plaintiffs do more than simply paraphrase the language of statute without providing additional factual context. *See Dejesus v. HF Management Servs*., LLC, 726 F.3d 85, 89 (2nd Cir. 2013) (finding plaintiff's allegation that she worked more than 40 hours a week without being paid "some or all weeks" was insufficient to state a claim under the FLSA); *Lundy v. Catholic Health Sys. of Long Island, Inc*., 711 F.3d 106, 115 (2nd Cir. 2013) (same); *Pruell v. Caritas Christi*, 678 F.3d 10, 14 (1st Cir. 2012) (finding plaintiffs' allegation that they "regularly worked over 40 hours a week and were not compensated for such time" was insufficient to state a plausible claim under the FLSA).  Courts within this circuit have recognized that plaintiffs seeking overtime-compensation under the FLSA must, at least, allege: "(1) that he worked overtime hours without compensation, and (2) that the employer knew or should have known that he worked overtime but failed to compensate him for it." *Haymon v. City of Jackson, Miss*., No. 3:12-cv-325-DPJ-FKB, 2012 WL 6626645, at *2 (S.D. Miss. Dec. 19, 2012); *Coleman v. John Moore Servs., Inc.,* No. H-

---

[2] "[T]he FLSA does not provide a cause of action for the failure of an employer to give an employee an opportunity to work overtime." *D.C. Blues v. City of Hurst*, No. 4:06-cv-218-Y, 2007 WL 2325201, at *4 (N.D. Tex. Aug. 13, 2007).

13-2090, 2014 WL 51290, at *2 (S.D. Tex. Jan. 7, 2014) (noting that to show violation of FLSA overtime requirements, a plaintiff must allege that he was employed by defendant, that his work involved interstate activity, and that he performed work for which he was undercompensated); *see also Smith v. Pro Logistics, Inc. 1*, No. 3:14-cv-447-DPJ-FKB, 2014 WL 5107595, at *2 (S.D. Miss. Oct. 10, 2014) (dismissing *pro se* plaintiff's FLSA claim with prejudice where complaint contained single reference to the statute with no factual allegations supporting an FLSA claim); *Hernandez v. Praxair Distribution, Inc.,* No. 4:14-cv-1535, 2015 WL 4393105, at *1 (S.D. Tex. July 15, 2015) (dismissing FLSA overtime claim where plaintiff merely tracked the statutory elements of an FLSA claim by alleging he regularly worked over 40 hours a week and was not paid overtime wages).

Plaintiff's standard-issue FLSA Complaint contains nothing more than bald, conclusory assertions that Plaintiff was denied overtime over the course of her employment from April 2014 to August 2016. *See* Doc. 1, pp. 3-4.[3] While Plaintiff's Complaint claims she worked 40 to 60 hours during each week in which a violation is claimed, she fails to allege or estimate how often during this two-year period she actually worked more than 40 hours. *See id.* Based on this broad range, it is unclear whether Plaintiff worked more than 40 hours in any given week. Moreover, Plaintiff has not provided any factual allegations relating to how much she was paid during any weeks she may have worked more than 40 hours, or how frequently, if ever, she was paid at a rate less than one and one-half times her regular rate. She has not asserted whether or how Minact was aware of her claimed overtime work. Plaintiff has altogether failed to complete the "Statement of

---

[3] Any FLSA claims for pay periods arising prior to November 15, 2015 would be time-barred under 29 U.S.C. § 255(a) (an action for unpaid overtime "shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued"). There is no allegation in the Complaint of a willful FLSA violation. *Id.*

Claim" or "Relief" sections on her FLSA Complaint form. Doc. 1, pp. 3-5. Plaintiff has not alleged the method and frequency of her wage payments, nor has she provided any facts supporting her conclusory contention that "there were times when [her] overtime was not put on [her] check." *See* Doc. 1, pp. 3, 4. Plaintiff's Complaint also contains no allegations relating to the amount of overtime pay she believes herself to be entitled, or the type or amount of damages she is seeking in the present action. Doc. 1, p. 5.

Plaintiff's conclusory, threadbare assertion that she "sometimes" worked more than 40 hours a week and was "sometimes" denied overtime is insufficient to raise a reasonable inference that Minact violated the FLSA. There is no allegation addressing whether, how, and when Minact was aware of Plaintiff's alleged overtime work and failed to pay her. Such "naked assertion[s]" of overtime violations and "formulaic recitation[s] of the elements of [an FLSA action]" are insufficient. *Twombly,* 550 U.S. at 555; *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557); *see also Coleman*, 2014 WL 51290 at *4 (dismissing FLSA overtime claim where complaint contained "no allegations that provide[d] any factual context that form[ed] the basis for [plaintiff's] claimed FLSA violation"). Plaintiff fails to state a plausible for relief under the FLSA, and her claim should be dismissed with prejudice.

### II. Plaintiff has not alleged a viable claim under Title VII or the ADEA.

Plaintiff's rote "Complaint for Violation of Fair Labor Standards" contains no reference whatsoever to discrimination and/or retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII") or the Age Discrimination in Employment Act ("ADEA"). *See* Doc. 1. However, to the extent such claims could be inferred from the attachments to the Complaint, Plaintiff has not alleged facts sufficient to allow the Court to "draw the reasonable inference that [Minact] is liable" under Title VII or the ADEA. *Iqbal*, 556 U.S. at 678; *see also* Doc. 1; Doc 1-1; Doc. 1-2.

Moreover, all purported discrimination and retaliation claims are administratively barred based on Plaintiff's failure to comply with the 180-day charge filing limitations period and the 90-day filing limitations period governing Title VII and ADEA claims.  Plaintiff's purported claims under Title VII and the ADEA should be dismissed with prejudice.

### A. Plaintiff is procedurally barred from asserting any Title VII or ADEA claim.

Before filing suit in federal court, employment discrimination plaintiffs must timely exhaust their administrative remedies. *Taylor*, 296 F.3d 376 at 378-79.  For claims arising under Title VII and the ADEA, this administrative exhaustion mandate requires that plaintiffs file an administrative charge with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the alleged wrongful employment action. *Taylor v. General Telephone Co. of Southwest*, 759 F.2d 437, 440-42 (5th Cir. 1985). "Discrete employment actions, such as termination, failure to promote, denial of transfer, or refusal to hire, occurring more than 180 days before an EEOC charge is filed are not actionable." *Byrd v. Huntington Ingalls, Inc.*, No. 1:14-cv-125-KS-MTP, 2015 WL 2169864, at *5 (S.D. Miss. May 8, 2015)*; see also Graise v. City of Greenville, Miss*., No. 4:16-cv-154-NBB-RP, 2017 WL 1743780, at *2 (N.D. Miss. May 3, 2017) (dismissing ADEA claim where EEOC charge was untimely filed).  In addition to timely filing an administrative charge, plaintiffs must file suit "no later than 90 days after receiving a right-to-sue letter from the EEOC." *Hawkins v. Frank Gillman Pontiac*, 102 F. App'x 394, 397 (5th Cir. 2004) (discussing limitations period for filing ADEA claims); *Washington v. City of Gulfport, Miss*., 351 F. App'x 916, 918 (5th Cir. 2009) (noting that Title VII actions filed after 90-day statute of limitations will be dismissed).  The 90-day filing limitations period under Title VII and the ADEA is "strictly construed," and failure to comply will result in dismissal. *See Taylor,* 296 F.3d 376 at 379; *Smith v. Alcorn State Univ*., 451 F. App'x 464, 465 (5th Cir. 2011).

Plaintiff untimely filed her EEOC charge against Minact more than 180 days after any alleged discriminatory conduct could have occurred. All instances of claimed discriminatory conduct alleged in Plaintiff's Complaint and EEOC charge occurred on or before August 30, 2016. *See* Doc. 1, p. 4; Doc. 1-1; Doc. 1-3, pp. 1, 3.  Plaintiff filed her EEOC charge against Minact on August 7, 2017, almost one year after the last alleged date any purported discrimination occurred. *See* Doc. 1-1; Doc. 1-3, p. 1.  It appears that Plaintiff submitted an intake questionnaire with the EEOC on August 4, 2017; however, this date also falls well beyond the 180-day charge filing period. *See* Doc. 1-3, p. 5.  As such, the EEOC dismissed Plaintiff's charge as untimely because she "waited too long after the date(s) of the alleged discrimination to file [her] charge." Doc. 1-2. Because Plaintiff failed to comply with the statutory 180-day charge filing limitation period, her Title VII and ADEA claims are time barred.

Plaintiff's supposed Title VII and ADEA claims are additionally time barred because she failed to file her Complaint within 90 days of receiving her right to sue letter from the EEOC. Plaintiff's notice of right to sue letter was mailed on August 10, 2017. *See* Doc. 1-2, p. 1.  Because the exact date Plaintiff received the letter is unknown, the Court should presume that she received the right to sue letter on August 13, 2017.[4] *See Jenkins v. City of San Antonio Fire Dept.,* 784 F.3d 263, 267 (5th Cir. 2015) ("Where the date of receipt is not known, courts should apply a presumption that the plaintiff received the notice in three days.").  The deadline for filing her Complaint was therefore November 13, 2017.[5] Plaintiff's Complaint was belatedly filed on

---

[4] It appears that August 13, 2017 was a Sunday, i.e. a day when mail does not run.  Even if the Court were inclined to apply a four-day presumption in Plaintiff's favor to account for this fact, the deadline for filing Plaintiff's Complaint was still on or before November 13, 2017. *See infra* at p. 5 n.2.

[5] The ninetieth day following Plaintiff's presumed receipt of the notice of right to sue is Saturday, November 11, 2017.  However, assuming Rule 6(a)(1)(C) applies, Plaintiff had until the following Monday, November 13, 2017, to file. *See Mangum v. Jackson Public School Dist.*, 3:16-cv-594-CWR-LRA, 2016 WL 7077879, at *1 n.2 (S.D. Miss. Dec. 5, 2016) (computing 90-day deadline using Rule 6(a)(1)(C)).

November 15, 2017. *See* Doc. 1. Any purported Title VII or ADEA claim asserted in Plaintiff's Complaint is thus time-barred and should be dismissed with prejudice. *Taylor,* 296 F.3d at 380 (affirming dismissal of discrimination claims filed one day beyond the ninety-day period); *Butler v. Orleans Parish School Bd.*, No. A. 00-0845, 2001 WL 1135616, at *2 (E.D. La. Sept. 25, 2001) (dismissing claims filed one day beyond ninety-day period).

### B. Plaintiff's Complaint fails to state a plausible claim for race, sex, religion, or age-based discrimination or retaliation.

Plaintiff's Complaint lacks sufficient factual allegations from which the Court may "draw the reasonable inference that [Minact] is liable for [any] of the misconduct alleged" under Title VII or the ADEA. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "The elements of a *prima facie* case are helpful . . . in framing what constitutes an ADEA [or Title VII] claim," as those elements "color the 'context-specific' plausibility inquiry, which 'requires the reviewing court to draw on its judicial experience and common sense.'" *Flores v. Select Entergy Servs., LLC*, 486 F. App'x 429, 432 (5th Cir. 2012); *Carzorla, et al. v. Koch Foods of Miss., LLC,* No. 3:10-cv-135-DPJ-FKB, 2013 WL 11328253, at *7 (S.D. Miss. Aug. 28, 2013). Considering Plaintiff's allegations in the context of the *prima facie* elements required to establish a claim for discrimination and/or retaliation under the ADEA and Title VII, Plaintiff's pleading of her claims is plainly inadequate.

### 1.  ADEA

Plaintiff fails to state a claim for age-based discrimination under the ADEA. To establish a *prima facie* case under the ADEA, Plaintiff must show: "(1) [she is] within the protected class; (2) [she is] qualified for the position; (3) [she] suffered an adverse employment decision; and (4) [she was] replaced by someone younger or treated less favorably than similarly situated younger employees (i.e. suffered from disparate treatment because of membership in the protected class)."

9

*Merritt v. United Parcel Serv., Inc*., 321 F. App'x 410, 415 (5th Cir. 2009); *Owen v. Stmicroelectrics, Inc*., No. 3:15-cv-1186-B, 2016 WL 2757368, at \*5 (N.D. Tex. May 12, 2016) (noting that "plaintiff must set forth allegations that would enable the court to reasonably infer that the employer took the adverse employment action because of the plaintiff's age"). In her EEOC charge and intake questionnaire form, Plaintiff alleges she was born in 1989. Doc. 1-3, pp. 1, 2. Accepting this allegation as true, Plaintiff is clearly not within the protected class entitled to assert a claim under the ADEA. *Leal v. McHugh*, 731 F.3d 405, 411 (5th Cir. 2013) ("Under the [ADEA], the protected class includes individuals who are at least forty years old."). Moreover, the only age-related allegation appearing in Plaintiff's Complaint or EEOC charge states: "I believe that the company discriminated against me because . . . I was young." Doc. 1-3, p.1. But "[t]he ADEA only prohibits discrimination in one direction (i.e. discrimination which favors the young at the expense of the old). It does not prohibit employers from discriminating against younger individuals." *Cobetto v. Wyeth Pharmaceuticals*, 619 F. Supp. 2d 142, 154 n.4 (W.D. Penn. 2007). Plaintiff has not, and indeed cannot, state a plausible claim for discrimination under the ADEA.

While it is unclear whether Plaintiff intends to assert a retaliation claim under the ADEA, any purported claim must fail for the same reasons. To establish retaliation under the ADEA, Plaintiff must demonstrate: (1) she engaged in a protected activity; (2) she suffered an adverse employment action; and (3) a causal link existed between the protected activity and the adverse action. *Holtzclaw v. DSC Comm'n Corp*., 255 F.3d 254, 260 (5th Cir. 2001); *see also Bruno v. RIH Acquisitions MS I, LLC,* 530 F. Supp. 2d 819, 820 (N.D. Miss. 2008) ("it must be shown that [plaintiff] either opposed a practice prohibited by the ADEA or has participated 'in any manner' in a proceeding under the ADEA"). The Complaint contains no facts supporting a reasonable inference that Plaintiff engaged in a protected activity under the ADEA or suffered an alleged

adverse employment action because of such activity.  Plaintiff is not a member of the protected class.  *See* Doc. 1-3, pp. 1, 2.  Thus, while Plaintiff identifies no specific alleged age-based protected activity in her Complaint, she could not have held a reasonable belief that any of the purported activities alleged in the Complaint were protected under the ADEA. *See Bruno,* 530 F. Supp. 2d at 821 (noting that plaintiff must show she had "a reasonable belief that the employer was engaged in unlawful employment practices").  Plaintiff's purported ADEA discrimination and retaliation claim(s) should be dismissed with prejudice.

## 2.  Title VII

Plaintiffs' allegations are also insufficient to state a plausible claim for race, sex, or religion-based discrimination under Title VII.  To establish a Title VII claim for failure to promote Plaintiff, must show: "(1) [she] is a member of a protected group under Title VII; (2) [she] applied for and was qualified for the position [she] sought; (3) [she] was not promoted to the position sought, i.e. [she] suffered an adverse employment action; and (4) [her] employer promoted an employee to the position sought by the plaintiff who was not a member of the protected class. *McFall v. Gonzales*, 143 F. App'x 604, 607 (5th Cir. 2005).  Here, Plaintiff's EEOC charge alleges only that Plaintiff was denied a transfer to a welding position after two weeks of working for Minact, and that she "believe[s] the company discriminated against her . . . by denying [her] a transfer to a different job because of [her] sex (female). . . and [her] race (black)."[6] Doc. 1-3, p. 1.

Plaintiff has not alleged that other similarly situated employees of a different race, sex, or religion were approved for the transfer or hired for an open position sought by Plaintiff.  To the contrary, Plaintiff's EEOC intake questionnaire shows that the only alleged similarly situated

---

[6] To the extent that Plaintiff's Complaint may be construed as asserting discrimination claims under Title VII or the ADEA, Plaintiff cannot pursue claims or allegations that were not asserted in, or reasonably expected to grow from, her EEOC charge. *See Anderson v. Venture Express,* 694 F. App'x 243, 247 (5th Cir. 2017).

employees allegedly treated more favorably than Plaintiff were two black females—i.e. two members of the same protected class. Doc. 1-3, p. 3.   In fact, the only alleged similarly situated employee identified outside of Plaintiff's protected class was, according to Plaintiff's contentions, treated less favorably. *Id*. at 4.   Plaintiff has also presented no discrete facts connecting her race, sex, or religion to the alleged denial of a transfer or other employment benefits. *Raj v. Louisiana State Univ*., 714 F.3d 322, 331 (5th Cir. 2013) (affirming dismissal of disparate treatment claim where plaintiff did not allege any facts suggesting that defendant's actions were based on plaintiff's race or national origin, or that other employees of other races and national origins were treated more favorably); *Chhim v. Univ. of Tex. at Austin,* 836 F. 3d 467, 470-71 (5th Cir. 2016) (affirming dismissal of Title VII claim where plaintiff alleged no facts, direct or circumstantial, which suggested that defendant failed to hire plaintiff based on his race or national origin); *see also Lowe v. American Eurocopter, LLC,* No. 1:10-cv-24-A-D, 2010 WL 5232523, at *5 (N.D. Miss. Dec. 16, 2010) (*pro se* plaintiff's "blanket allegation that she was racially discriminated against . . . does not suffice").   None of the alleged facts or speculation offered by Plaintiff support a reasonable inference that she was denied a transfer, benefits, or otherwise discriminated against based on her race, sex, or religion.   As to the purported denial of Plaintiff's transfer request, there are also no discrete facts alleged in the Complaint showing that the alleged denial of such a transfer made Plaintiff's job objectively worse, or constitutes an adverse employment action under Title VII. *See Burger v. Central Apartment Management, Inc.*, 168 F.3d 875, 879 (5th Cir. 1999) (holding that denial of employee's request for purely lateral transfer does not qualify as an adverse employment action under Title VII); *Wheat v. Florida Parish Juvenile Justice Com'n*, 811 F.3d 702, 709 (5th Cir. 2016) (denial of employee's transfer request was not a materially adverse action where there was no evidence that denial of reassignment made the job "objectively" worse,

affected her job grade, hours, salary, or benefits, or resulted in diminution of prestige among co-workers). "Even applying the liberal standard of drawing all reasonable inferences in [Plaintiff's] favor, it is patently unreasonable to infer [race, sex, or religion-based] discrimination from the mere fact that an employee was denied a transfer or a promotion." *D.C. Blues*, 2007 WL 2325201 at *4 (dismissing Title VII claims with prejudice where *pro se* plaintiff failed to allege facts showing that similarly situated employees of another race were treated more favorably). Plaintiff fails to state a plausible claim for race, sex, or religion-based discrimination under Title VII.

Any purported harassment claim under Title VII is also administratively barred because Plaintiff's EEOC charge contains no reference to race, sex, or religion-based harassment. *See* Doc. 1-1; *see also Anderson,* 694 F. App'x at 247 (noting that a cause of action is "limited . . . by the scope of the EEOC investigation that could reasonably be expected to grow out of the initial charges"). Notwithstanding that Plaintiff's purported harassment claim is administratively barred, Plaintiff's Complaint also fails to state a plausible claim for sufficiently severe or pervasive harassment under Title VII. To state a *prima facie* case for race, sex, or religion-based harassment under Title VII, Plaintiff must show: "(1) that she belongs to a protected class; (2) that she was subject to unwelcome harassment; (3) that the harassment was based on [race, sex, or religion]; (4) that the harassment affected a term, condition, or privilege of employment, and (5) that the employer knew or should have known about the harassment and failed to take prompt remedial action."[7] *McGhee v. Treasure Chest Casino, LLC*, No. Civ. A. 97-0898, 1998 WL 187699, at *2 (E.D. La. April 20, 1998) (quoting *Waymire v. Harris Co. Tex*., 86 F.3d 424, 428 (5th Cir. 1996) (outlining elements for *prima facie* case of sex based harassment)); *see also Dediol v Best*

---

[7] Under Title VII the alleged harassment must also be "sufficiently severe or pervasive so as to alter the conditions of employment and create an abusive working environment." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 116 (2002).

*Chevrolet, Inc.*, 655 F.3d 435, 443 (5th Cir. 2011) (outlining elements for *prima facie* case of harassment based on religion); *Lott v. Forrest Cty., Miss.*, No. 2:14-cv-131-KS-MTP, 2015 WL 7015315, at \*11 (S.D. Miss. Nov. 10, 2015) (outlining elements for *prima facie* case of harassment based on race).[8]

Plaintiff's handwritten attachments to the Complaint allege that various co-workers bullied her by "act[ing] like they were going to run [her] off the road," "bomb rush[ing her] with the bull dozers," and using assorted listening devices to spy on her at work. Doc. 1-3, pp. 8, 9, 11.  But Plaintiff has not alleged any connection whatsoever between her race or religion and this purported harassment or bullying. *Raj*, 714 F.3d at 331 (affirming dismissal of hostile work environment claim where plaintiff provided no facts linking the alleged harassment to his race or national origin).  Moreover, Plaintiff fails to allege sufficient facts connecting this alleged bullying to her sex.  Plaintiff asserts that she "had to work bearing sexual comments," but she fails to provide any factual allegations elaborating on what was said, how often the alleged comments were uttered, who made the purported remarks, and to whom any such comments where directed.[9]  *See* Doc. 1-3.  Plaintiff also fails to allege sufficient facts showing that this alleged bullying was "sufficiently severe or pervasive so as to alter the conditions of her employment and create an abusive working environment." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 116 (2002).  Without "further factual enhancement," Plaintiff's "naked assertion[s]" cannot suffice to state a plausible claim for

---

[8] A hostile work environment claim based on age discrimination under the ADEA similarly requires that Plaintiff show: "(1) [she] was over the age of 40; (2) [she] was subjected to harassment, either through words or actions, based on age; (3) the nature of the harassment was such that it created an objectively intimidating, hostile, or offensive work environment; and (4) there exists some basis of liability on the part of the employer." *Dediol*, 655 F.3d at 441.  But as stated, Plaintiff is not entitled to assert an ADEA claim because she is under the age of 40. *See supra.* at p. 9.  Plaintiff's Complaint and attachments also provide no factual allegations which link any purported harassing conduct to Plaintiff's age. *See* Doc. 1; Doc. 1-3.

[9] Notably, Plaintiff appears to allege that she was bullied by both male and female co-workers. *See* Doc. 1-3, p. 9,

sufficiently severe or pervasive race, religion, or sex-based harassment under Title VII. *Twombly,* 550 U.S. at 555; *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).   Regardless, any purported harassment claim is administratively barred by Plaintiff's failure to raise such allegations in her EEOC charge. *See* Doc. 1-3.

Plaintiff additionally fails to state a plausible claim for retaliation under Title VII.  To state a claim for retaliation under Title VII, Plaintiff must allege that: (1) she engaged in a protected activity; (2) she suffered an adverse employment action; and (3) a causal link existed between the protected activity and the adverse action. *Coleman v. Miss. Dept. of Marine Resources,* No. 1:16-cv-289-LG-RHW, 2017 WL 4012682, at *5 (S.D. Miss. Sept. 12, 2017).  There are two types of protected activities under Title VII: "(1) opposing any practice deemed an unlawful employment practice (the 'opposition clause') or (2) making a charge, testifying, assisting, or participating in any manner in an investigation, proceeding, or hearing under [the Act] (the 'participation clause')." *Armstrong v. K & B Louisiana Corp*., 488 F. App'x 779, 781 (5th Cir. 2012).  Plaintiff's Complaint contains no facts supporting a reasonable inference that she engaged in a protected activity under Title VII, or that she suffered an alleged adverse employment action because she engaged in such protected activity.  *See Gillie*, 559 F. App'x at 335 (affirming dismissal of *pro se* plaintiff's ADEA retaliation claim where plaintiff failed to allege that she engaged in a statutorily protected activity).  Her EEOC charge alleges only that she believes Minact retaliated against her in violation of Title VII because she was fired for having a positive cocaine drug test two weeks after going to human resources to complain about "problems and issues" she was having on the job. *See* Doc. 1-1.  Plaintiff's charge contains no factual details about what "problems and issues" she allegedly reported to the human resources department. *See* Doc. 1-3, pp. 1, 9.  Even assuming Plaintiff complained about her co-workers' alleged bullying, there are insufficient facts in the Complaint

15

and attachments from which the Court could reasonably infer that Plaintiff was harassed because of her membership in a protected class under Title VII. *See supra*. at pp. 13-14.  Claimed bullying by co-workers for reasons unconnected to Plaintiff's membership in a protected class does not amount to an unlawful employment practice under Title VII, and Plaintiff could not have held a reasonable belief that she was engaging in protected activity by reporting such conduct.  Plaintiff has not stated a plausible claim for retaliation under Title VII.

All purported Title VII and ADEA claims asserted in the Complaint should be dismissed based on Plaintiff's failure to satisfy the well-settled federal pleading standard of *Iqbal* and *Twombly*. *See Gillie*, 559 F. App'x at 335 (noting that *pro se* plaintiff's mere "assertion of discrimination is a legal conclusion that is not sufficient to withstand a motion to dismiss").  In any event, all of Plaintiff's ADEA and Title VII claims are administratively barred and time barred and should be dismissed with prejudice based on that reason alone. *See supra*. at pp. 6-8.

### III. Plaintiff's allegations of denied sick leave are insufficient to state a plausible claim for relief under the Family Medical Leave Act.

Although the attachments to Plaintiff's Complaint reference denied "sick leave," Plaintiff has not alleged that Minact violated the Family Medical Leave Act ("FMLA"). *See* Doc. 1-3, p. 10. The FMLA prohibits employers from interfering with, restraining or denying the exercise or attempted exercise of an employee's right to take FMLA leave. *Lanier v. Univ. of Tex. Sw. Med. Ctr.*, 527 F. App'x 312, 316 (5th Cir. 2013).  To state a prima facie case for interference under the FMLA against Minact, Plaintiff must establish: (1) she was an eligible employee, (2) Minact was an employer subject to the FMLA's requirements, (3) she was entitled to leave, (4) she gave proper notice of her intention to take FMLA leave, and (5) Minact denied her the benefits to which she was entitled under the FMLA. *Id*.

Plaintiff's single, conclusory reference to denied sick leave is plainly insufficient to raise a reasonable inference that Minact unlawfully interfered with Plaintiff's exercise of her FMLA rights. *See* Doc. 1-3, p.10 ("I ask for leave for my son and dad, the sick leave thing. I was denied that."). Nothing in Plaintiff's Complaint suggests or shows that Plaintiff was eligible to receive FMLA leave, that she was entitled to such leave, that she provided sufficient notice of her intention to take leave, or that any such need for leave was properly certified as required by the FMLA. Plaintiff also fails to adequately explain her reasons for requesting this purported leave or why it involved a "serious health condition" under the FMLA, the amount of leave requested, or the time frame within which the request was made and/or allegedly denied. To the extent that Plaintiff's "sick leave" allegation may be liberally construed as invoking the FMLA, Plaintiff has failed to state a plausible FMLA claim in this case. Any purported FMLA claim should be dismissed with prejudice.

## IV. Plaintiff's assorted privacy-related allegations are time-barred and insufficient to state a claim under Mississippi law.

To the extent that Plaintiff's attachments to the Complaint may also be construed as alleging a tort claim for invasion of privacy under state law, Plaintiff's claim is barred by the applicable statute of limitations. In Mississippi, claims for invasion of privacy must be asserted within one year of the date of occurrence. Miss. Code Ann. § 15-1-35; *Young v. Jackson*, 572 So. 2d 378, 382 (Miss. 1990) (noting one-year statute of limitations period applies to invasion of privacy actions); *Pierce v. The Clarion Ledger*, 236 F. App'x 887, 889 (5th Cir. 2007) (same). All alleged conduct conceivably giving rise to Plaintiff's purported privacy claim allegedly occurred during Plaintiff's Minact employment. *See* Doc. 1-3, pp. 8-11. Plaintiff alleges, *inter alia*, that her co-workers placed a "listening device in her forklift," "hacked into [her] email," and used "earpieces" for spying on her during work hours. *Id*. None of this purported conduct is alleged to

have continued after Plaintiff's discharge from Minact. *See id*.  Plaintiff's EEOC charge alleges

that she was terminated on or about August 15, 2016. *See* Doc. 1-3, p. 1.  The Complaint was filed

on November 15, 2017. Doc. 1.   Because Plaintiff filed suit more than one year after her alleged

termination, and the last date any alleged violation of privacy could have occurred, her purported

tort claim is barred by the statute of limitations and should be dismissed.

Additionally, Plaintiff's privacy-related allegations are insufficient to state a cognizable

claim for invasion of privacy under Mississippi law.  The tort of invasion of privacy is comprised

of four distinct and separate sub-torts: "(1) the intentional intrusion upon the solitude or seclusion

of another; (2) the appropriation of another's identity for an unpermitted use; (3) the public

disclosure of private facts; and (4) holding another to the public eye in a false light." *Plaxico v.

Michael*, 735 So. 2d 1036, 1039 (Miss. 1989).   It is unclear which sub tort forms the basis of

Plaintiff's purported claims. *See* Doc. 1-3, pp. 8-11.  To the extent Plaintiff claims intentional

intrusion upon solitude or seclusion, Plaintiff's allegations fall short. To establish this purported

invasion of privacy claim, Plaintiff must show "a substantial interference with is seclusion of a

kind that 'would be highly offensive to the ordinary, reasonable man, as the result of conduct to

which the reasonable man would strongly object,' and "some bad faith or utterly reckless prying."

*Plaxico*, 735 So. 2d at 1039.

Plaintiff baldly asserts that her privacy was violated, and she alleges that believed her co-

workers placed a "listening device in her forklift," "hacked into [her] email," and used "earpieces"

for spying on her during work hours based on various comments allegedly communicated to her

by other workers. *Id*.  Each of these allegations are grounded in Plaintiff's conclusory speculation

that she was being watched because her co-workers allegedly knew certain information about her

personal affairs. *Id*.  Plaintiff's Complaint and attachments contain no factual allegations sufficient

to support a reasonable inference that her emails and phone were actually hacked by Minact or its employees. *See* Doc. 1; Doc. 1-3.  Plaintiff's conclusory allegations further fail to plausibly suggest that the purported conduct would be highly offensive or objectionable to reasonable person, especially since, according to Plaintiff's allegations, the alleged eavesdropping and spying occurred in a common workspace during work hours where no reasonable expectation of privacy would have existed. *See* Doc. 1-3, pp. 8-10.  Moreover, Plaintiff has not named any of the co-workers allegedly involved in this purported intrusion, nor has she alleged sufficient facts showing that any alleged tort committed by these employees was known by or attributable to Minact. *See Franklin v. Turner*, 220 So. 3d 1003, 1006 (Miss. Ct. App. 2016) (noting that "an employer is responsible for the torts of its employee *only* when the torts are committed within the scope of the employment").  Plaintiff also fails to allege facts sufficient to raise a plausible inference that Minact acted in bad faith or engaged in "utterly reckless prying." *Plaxico*, 735 So. 2d at 1039. Any purported invasion of privacy claim should be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, Minact respectfully submits that the entirety of Plaintiff's Complaint against it should be dismissed with prejudice pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

This the 18th day of January, 2018.

Respectfully submitted,

**Minact Logistical Services, LLC**

By: /s/ Emily G. Barr_____
        Walter J. Brand (MSB #4313)
        Emily G. Barr (MSB #105286)
        Watkins & Eager, PLLC
        Post Office Box 650
        Jackson, Mississippi 39205

Telephone: 601.695.1900
Email: wbrand@watkinseager.com
      ebarr@watkinseager.com

Counsel for Minact Logistical Services, LLC

## **CERTIFICATE OF SERVICE**

I certify that today I electronically filed this foregoing document with the Court's CM/ECF

system and mailed a true and correct copy via U.S. mail, first class to:

Kimberly Edwards
P.O. Box 312
Pickens, MS 39146

*Pro se*

This the 18th day of January, 2018.

/s/ Emily G. Barr_____

21