# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

| | |
|---|---|
| **KIMBERLY EDWARDS** | **PLAINTIFF** |
| **v.** | **Civil No. 3:17cv909-HSO-LRA** |
| **MINACT LOGISTICAL SERVICES** | **DEFENDANT** |

## MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION [8] TO DISMISS

BEFORE THE COURT is the Motion [8] to Dismiss filed by Defendant Minact Logistical Services, LLC ("Minact"). Plaintiff Kimberly Edwards ("Edwards"), a former employee of Minact, alleges that Minact committed a litany of wrongs against her, including discriminating and retaliating against her, withholding her overtime wages, denying her sick leave, and violating her privacy. Minact seeks dismissal of Edwards' Complaint on grounds that she has failed to state a claim upon which relief may be granted and failed to timely file her claims. After due consideration of the record, the submissions on file, and relevant legal authority, the Court finds that Minact's Motion [8] should be granted in part and denied in part.

## I. BACKGROUND

A.    Edwards' Complaint

On November 15, 2017, Edwards filed a pro se pleading, entitled Complaint [1] for Violation of Fair Labor Standards, against Minact. Compl. [1] at 1. The

Complaint alleges that Edwards worked as a material handler and forklift operator for Minact, *id.* at 3, and that Minact failed to pay her required overtime wages, *id.* at 4. Edwards claims that from April 14, 2014, to August 18, 2016, she worked forty to sixty hours a week, but there were instances when she was not paid for overtime hours. *Id.* Edwards asserts that she has paycheck stubs to prove her claims. *Id.*

Attached to the Complaint is a charge of discrimination form that Edwards submitted to the Equal Employment Opportunity Commission ("EEOC") on August 7, 2017. EEOC Charge [1-1]. In this form, Edwards states that Minact hired her on March 2, 2014, as a material handler. *Id.* On March 18, 2016, Minact allegedly denied Edwards a transfer to a welding position, although she was qualified for the position, because of her sex and race, in violation of Title VII of the Civil Rights Act. *Id.* The EEOC charge further contends that on August 15, 2016, Minact terminated Edwards' employment. *Id.* Edwards allegedly did not receive her full wages on her last paycheck, *id.*, and she claims that Minact retaliated against her for complaining to the human resources department about the problems she suffered on the job, and discriminated against her because she is a Baptist, heterosexual, young, and married, *id.*

Edwards' EEOC "Intake Questionnaire" is also attached to the Complaint, Questionnaire [1-3] at 1, and claims that Edwards' rate of pay was $10.40[1] when she was hired and that her last pay rate was $15.00, *id.* Edwards wrote in her

---

[1] Though Edwards does not disclose the frequency of these wages, for purposes of this Motion the Court will infer that these were her hourly wage rates.

2

response to the Questionnaire that she wanted to sue Minact for labor law violations and discrimination. *Id.* at 4. The EEOC determined that Edwards' claim was not timely filed and mailed her a Dismissal and Notice of Rights on August 10, 2017. EEOC Not. [1-2] at 1.

The last attachment to Edwards' Complaint is a letter she wrote to her congressional representative on August 4, 2017, Letter [1-4], in which she contends that some days she told her supervisor that he had "left off" her overtime that "never got reimbursed," *id.* at 3. Edwards next asserts that she "ask[ed] for the leave for my son and dad, the sick leave thing, I was denied that." *Id.* Edwards further maintains that her privacy was violated during her employment when Minact employees monitored her house, installed a listening device on her forklift to eavesdrop on her, and hacked into her email and phone to listen to her conversations and view her messages, pictures, and videos. *Id.* at 2-3.

B.  Minact's Motion to Dismiss

On January 18, 2018, Minact filed a Motion [8] to Dismiss. Minact first contends that Edwards' conclusory allegations that she was denied overtime are insufficient to state a claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. Def.'s Mem. [9] at 4. Minact also argues that Edwards is procedurally barred from asserting any discrimination claims under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-2, or under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*, because she filed her EEOC charge more than 180 days after the alleged discriminatory conduct occurred, and

3

also failed to file her Complaint in this Court within ninety days of receiving her dismissal notice from the EEOC. *Id.* at 8. Alternatively, Minact posits that Edwards' Complaint fails to state a plausible claim for discrimination or retaliation because she was not within the protected class under the ADEA and, with regard to her Title VII claims, she has not alleged that other similarly situated employees of a different race, sex, or religion were hired for the position she sought. *Id.* at 10-11.

To the extent Edwards may be advancing a claim under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.*, Minact contends that Edwards' conclusory reference to being denied sick leave is insufficient to state a plausible claim for relief. *Id.* at 16-17. Minact lastly argues that to the extent Edwards brings a claim for invasion of privacy under state law, such claim is time-barred by the applicable statute of limitations. *Id.* at 17.

To date, Edwards has not responded to Minact's Motion to Dismiss.

## II. DISCUSSION

A. Legal Standard

When presented with a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court "must assess whether the complaint contains sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face[.]" *Spitzberg v. Houston Am. Energy Corp.,* 758 F.3d 676, 683 (5th Cir. 2014) (citing *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). A court must accept all well-pleaded facts as true and view those facts in the light most favorable to the plaintiff. *Varela v.*

4

*Gonzales,* 773 F.3d 704, 707 (5th Cir. 2014) (citation omitted). This tenet, however, is inapplicable to legal conclusions. *Id.* (citation omitted).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). A court, therefore, "must construe the pleadings of pro se litigants liberally." *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006). With respect to a Rule 12(b)(6) challenge to a pro se complaint, a court should examine the entirety of the complaint, including the attachments. *Clark v. Huntleigh Corp.*, 119 F. App'x 666, 667 (5th Cir. 2005). "Generally a district court errs in dismissing a pro se complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend." *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998). "Such error may be ameliorated, however, if the plaintiff has alleged his best case, or if the dismissal was without prejudice." *Id.* (internal citations omitted).

B. <u>Analysis</u>

1. <u>Edwards' Claim for Violation of the Fair Labor Standards Act</u>

Minact contends that the Complaint's "threadbare" and "conclusory" allegations are insufficient to state a plausible claim for relief under the FLSA. Def.'s Mem. [9] at 4-5. The FLSA obligates an employer to pay its employees overtime compensation for those hours worked in excess of forty hours per week. 29 U.S.C. § 207. The FLSA also specifically vests employees with the right to bring a private cause of action for unpaid overtime wages. *Id.* § 216(b).

5

"Courts are divided as to the level of detail an FLSA overtime claimant must provide to overcome a Rule 12(b)(6) motion to dismiss." *Hall v. DIRECTV, LLC*, 846 F.3d 757, 776 (4th Cir. 2017). Though the Fifth Circuit has yet to address the issue, a court in this district has recognized that to survive a Rule 12(b)(6) challenge to a claim for overtime compensation under the FLSA, the plaintiff must plead: (1) that she worked overtime hours without compensation; and (2) that the employer knew or should have known that she worked overtime but failed to compensate her for it. *See, e.g., Haymon v. City of Jackson*, No. 3:12CV325-DPJ-FKB, 2012 WL 6626645, at *2 (S.D. Miss. Dec. 19, 2012); *see also Freeman v. Key Largo Volunteer Fire & Rescue Dep't, Inc.*, 494 F. App'x 940, 942 (11th Cir. 2012) ("To state a claim for failure to pay minimum (or overtime) wages under the FLSA, a plaintiff must demonstrate that (1) he is employed by the defendant, (2) the defendant engaged in interstate commerce, and (3) the defendant failed to pay him minimum or overtime wages.").

Bearing in mind that Edwards is proceeding pro se, she has sufficiently pleaded a FLSA claim against Minact. Edwards alleges that she began her employment with Minact on March 12, 2014, at a pay rate of $10.40, but was terminated on August 18, 2016, with an ending pay rate of $15.00. Questionnaire [1-3]. Edwards asserts that "there were times when my overtime was not put on my check," as evidenced by her paystubs. Compl. [1] at 4. During the period of these alleged FLSA violations between April 14, 2014, and August 18, 2016, Edwards purportedly worked forty to sixty hours in each week. *Id.*

Moreover, Edwards has claimed that Minact knew or should have known that she worked overtime but failed to compensate her for it. Edwards alleges that she told her supervisor that he omitted her overtime pay from her paycheck for which she did not receive full compensation. Letter [1-4] at 3. In response, the supervisor allegedly "gave [Edwards] some dental, and vision in February of 2016," but there is no statement that she received her overtime wages. *Id.* Edwards also contends that "complaining and going to" her human resources department did not yield any results. *Id.* Construing these pleadings liberally, Edwards has stated a claim for a violation of the Fair Labor Standards Act. Minact's Motion will be denied in part as to Edwards' FLSA claim, and this claim will proceed.

2. Edwards' Title VII and ADEA Claims Are Untimely

Edwards claims that Minact discriminated against her by denying her a transfer to a different position on grounds of her sex and race, and that Minact also retaliated against her by terminating her after she complained to human resources about the problems she experienced during her employment. EEOC Charge [1-1]. Minact argues that any purported discrimination or retaliation claims are barred because Edwards failed to timely file them. Def.'s Mem. [8] at 7. The Court agrees and finds that Edwards' discrimination and retaliation claims are time-barred for two reasons.

First, Edwards did not timely file her claims with the EEOC. "Employment discrimination plaintiffs must exhaust administrative remedies before pursuing claims in federal court." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th

Cir. 2002). "A Title VII claimant must file charges with the EEOC within 180 days after the alleged illegal conduct." *Hood v. Sears Roebuck & Co.*, 168 F.3d 231, 232 (5th Cir. 1999) (citing 42 U.S.C. § 2000e–5(e)(1)). A plaintiff alleging discrimination under the ADEA must also file an EEOC charge "within 180 days after the alleged unlawful practice occurred." *Phillips v. Leggett & Platt, Inc.*, 658 F.3d 452, 455 (5th Cir. 2011) (quoting 29 U.S.C. § 626(d)(1)(A)). The 180-day period acts as a statute of limitations. *See Hood*, 168 F.3d at 232 (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982)). Discrete employment actions, "such as termination, failure to promote, denial of transfer, or refusal to hire," occurring more than 180 days before an EEOC charge is filed are not actionable. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114-15 (2002).

The alleged discriminatory and retaliatory actions at issue in this case occurred on March 18, 2016, when Edwards was denied the transfer to a different position, and on August 18, 2016,[2] when Edwards was terminated. EEOC Charge [1-1]. Edwards did not submit her charge to the EEOC until August 7, 2017, *id.*, nearly one year later and well beyond 180 days after the alleged discrimination occurred. Her claims for discrimination and retaliation are time-barred.

In addition, Edwards did not timely file suit in this Court after the EEOC dismissed her claims. "Title VII provides that claimants have ninety days to file a civil action after receipt of" a statutory notice of right to sue from the EEOC.

---

[2] In the EEOC Intake Questionnaire, Edwards stated that she was terminated on August 18, 2016, Questionnaire [1-3] at 2, but in the EEOC Charge of Discrimination, she indicated that she was terminated on or about August 15, 2016, EEOC Charge [1-1]. Viewing the allegations in the light most favorable to Edwards, the Court will assume for purposes of this Motion that Minact terminated Edwards on August 18, 2016.

8

*Taylor*, 296 F.3d at 379. Similarly, if the EEOC dismisses an ADEA claim, a plaintiff must file an action in court within ninety days of the receipt of a notice of dismissal from the EEOC. *Garcia v. Penske Logistics, L.L.C.*, 631 F. App'x 204, 208 (5th Cir. 2015). "This requirement to file a lawsuit within the ninety-day limitation period is strictly construed." *Taylor*, 296 F.3d at 379.

The EEOC notice of dismissal was mailed to Edwards on August 10, 2017. EEOC Not. [1-2] at 1. There is no evidence in the record showing the actual receipt date of this notice, but "where the date of receipt is not known, courts should apply a presumption that the plaintiff received the notice in three days." *Jenkins v. City of San Antonio Fire Dep't*, 784 F.3d 263, 267 (5th Cir. 2015) (footnote omitted). Because August 13, 2017, fell on a Sunday, the Court will presume that Edwards received the EEOC's notice on August 14, 2017. Ninety days from August 14, 2017, was November 11, 2017, which was a Saturday. Even assuming the statutory period to file the lawsuit was extended to the following Monday, November 13, 2017, Edwards did not timely file her Complaint when she filed suit on November 15, 2017. For these reasons, the Court finds that Edwards' claims for discrimination under Title VII and the ADEA are time-barred. Because Edwards has pleaded her best case in this regard, these claims will be dismissed with prejudice.

    3.    <u>Edwards Has Not Stated a Claim under the FMLA</u>

Edwards claims that she "ask[ed] for the leave for my son and dad, the sick leave thing, I was denied that." Letter [1-4] at 3. To the extent this allegation

9

could be construed to raise a claim under the FMLA, Minact argues that Edwards'
single allegation of denied sick leave is insufficient to state a plausible claim for
relief. Def.'s Mem. [9] at 16.

The FMLA entitles an eligible employee to up to twelve weeks of leave in
order to care for a spouse or child if such spouse or child "has a serious health
condition." 29 U.S.C. § 2612(a)(1)(C). The FMLA defines "serious health
condition" as "an illness, injury, impairment, or physical or mental condition that
involves . . . inpatient care in a hospital, hospice, or residential medical care facility;
or . . . continuing treatment by a health care provider." 29 U.S.C. § 2611(11). To
safeguard employees the right to take leave, the FMLA prohibits an employer from
"interfere[ing] with, restrain[ing], or deny[ing] the exercise of or the attempt to
exercise, any right" provided by the Act. 29 U.S.C. § 2615(a)(1).

To establish a prima facie case of interference under the FMLA, a plaintiff
must show: (1) she was an eligible employee; (2) her employer was subject to FMLA
requirements; (3) she was entitled to leave; (4) she gave proper notice of her
intention to take FMLA leave; and (5) her employer denied her the benefits to which
she was entitled under the FMLA. *Caldwell v. KHOU-TV*, 850 F.3d 237, 245 (5th
Cir. 2017). With regard to giving proper notice, when the need for leave is
foreseeable, the employee generally "must provide the employer at least 30 days
advance notice before FMLA leave is to begin." 29 C.F.R. § 825.302(a). If 30 days'
notice is not possible, "notice must be given as soon as practicable." *Id.* In all
instances, "an employee must comply with the employer's usual and customary

notice and procedural requirements for requesting leave, absent unusual circumstances." *Id.* § 825.302(d). "Where an employee does not comply with the employer's usual notice and procedural requirements, and no unusual circumstances justify the failure to comply, FMLA–protected leave may be delayed or denied." *Id.*

Edwards' allegation regarding requested leave does not provide sufficient factual content to state a plausible claim for relief under the FMLA. Edwards has not claimed that her son and/or husband suffered from a serious health condition, nor has she sufficiently alleged that she gave proper notice. Any purported FMLA claim will be dismissed, without prejudice to Edwards seeking leave to amend her Complaint on this claim.

4. Edwards' Claims for Invasion of Privacy Are Untimely

To the extent Edwards' claims that Minact employees surveilled her and hacked into her phone could be construed as a claim for invasion of privacy, Minact contends that such claim is barred by the applicable statute of limitations. Def.'s Mem. [9] at 17. In Mississippi, a claim for invasion of privacy must be brought within one year of its accrual. Miss. Code Ann. § 15-1-35; *Hudson v. Palmer*, 977 So. 2d 369, 380 (Miss. Ct. App. 2007). Edwards alleges that the facts possibly giving rise to an invasion of privacy occurred during her employment with Minact, which, according to the Complaint, ended on or about August 18, 2016. Because Edwards did not file her Complaint until November 15, 2017, any potential claims for invasion of privacy are time-barred and will be dismissed with prejudice.

11

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Defendant Minact Logistical Services, LLC's Motion [8] to Dismiss is **GRANTED IN PART** as to Plaintiff Kimberly Edwards' Title VII and ADEA claims for discrimination and retaliation, and as to her state law claims for invasion of privacy. These claims are **DISMISSED WITH PREJUDICE**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Defendant's Motion [8] to Dismiss is **GRANTED IN PART** as to Plaintiff's claim under the Family Medical Leave Act, and this claim is **DISMISSED WITHOUT PREJUDICE** to Plaintiff seeking leave to amend her Complaint to properly plead this claim within thirty days of the entry of this Order.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Defendant's Motion [8] to Dismiss is **DENIED IN PART** as to Plaintiff's claim for violation of the Fair Labor Standards Act. This claim shall proceed.

**SO ORDERED AND ADJUDGED**, this the 18th day of June, 2018.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE