# CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE AND WAIVER OF CLAIMS

This Confidential Settlement Agreement and Release and Waiver of Claims ("Agreement"), is made by and between KIMBERLY EDWARDS [SSN: ▮▮▮▮▮▮] ("Ms. Edwards"), an adult resident citizen of Holmes County, Mississippi; and MINACT LOGISTICAL SERVICES, LLC ("Minact"), a Mississippi limited liability company with its principal place of business located at 300 Nissan Drive, Canton, Mississippi, 39046.

WITNESSETH:

**WHEREAS**, Ms. Edwards was previously employed by Minact at the automobile manufacturing plant of Nissan North America, Inc. ("Nissan") located at 300 Nissan Drive, Canton, Mississippi, 39046 ("Canton Plant"), and whereas Ms. Edwards' Minact employment ended on or about August 15, 2016; and

**WHEREAS**, following the conclusion of her Minact employment, Ms. Edwards filed a civil action against Minact styled *"Kimberly Edwards v. Minact Logistical Services,"* in the United States District Court for the Southern District of Mississippi, Northern Division; Civil Action Number 3:17-cv-909-HSO-LRA ("Civil Action Number 3:17-cv-909"); and

**WHEREAS**, on June 18, 2018, the Court entered an Order in Civil Action Number 3:17-cv-909-HSO-LRA (Doc. 11) dismissing all alleged claims, except Ms. Edwards' claim for alleged unpaid overtime under the Fair Labor Standards Act ("FLSA"); and

**WHEREAS**, Ms. Edwards and Minact (for itself and all related persons and entities as further defined in Paragraph 2a below) now desire to fully and finally resolve all matters, issues, and claims between them relating to Ms. Edwards' employment, terms and conditions of employment, and termination of employment with Minact, whether asserted in Civil Action Number 3:17-cv-909 or otherwise, pursuant to this Agreement.

**NOW, THEREFORE**, in consideration of the mutual promises, covenants, representations, and agreements set forth below, and other good and valuable considerations, the parties do hereby agree as follows:

1. **Payment to Ms. Edwards**.

    Minact agrees to pay to Ms. Edwards the total amount of Four Hundred Dollars ($400), payable as follows: (1) by payroll check payable to Ms. Edwards in the gross amount of $270, less all applicable withholding deductions, and (2) by separate check payable to Ms. Edwards in the amount of $130.



2. **Voluntary Release and Waiver of Claims; Dismissal of Civil Action Number 3:17-cv-909; No future employment.**

In consideration of the payment(s) referenced in paragraph 1 above, Ms. Edwards agrees as follows:

   a. **Release and Waiver of Claims by Ms. Edwards**: Ms. Edwards hereby releases and forever discharges Minact, Nissan, and their respective parents, subsidiaries, divisions, joint employers, contractors, other affiliated entities, successors, heirs, devisees, legatees, executors, administrators, representatives and assigns; and their respective past, present, and future officers, directors, agents, employees, representatives, attorneys, insurers, benefit plants, and indemnitors (collectively referred to as "Releasees"), of and from any and all claims, demands, actions, suits, causes of action, liabilities, costs, losses, relief, and damages of every kind and nature whatsoever ("Claims and Remedies") which she may have or claim to have against Releasees, or any of them, arising up to and through the date and time this Agreement is signed by Ms. Edwards relating to or concerning in any manner Ms. Edwards' employment, terms and conditions of employment, pay, compensation, benefits, claimed leave entitlement, and termination or non-renewal of employment with Minact and/or Nissan (or any other alleged employer at Nissan's Canton Plant); including but not limited to, all Claims and Remedies she may have or claim to have for discrimination, harassment, retaliation or otherwise under or based upon any and all of the following, as amended: Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e, *et seq.*); 42 U.S.C. § 1981; the Civil Rights Act of 1991 (42 U.S.C. § 1981a); the Americans with Disabilities Act of 1990 and the ADA Amendments Act of 2008 (42 U.S.C. § 12101, *et seq.*); the Rehabilitation Act of 1973 (29 U.S.C. § 791, *et seq.*); the Family and Medical Leave Act ("FMLA"); the Fair Labor Standards Act ("FLSA"); any and all Claims and Remedies or allegations asserted or which could have been asserted in Civil Action Number 3:17-cv-909; and any and all Claims and Remedies for alleged breach of contract, wrongful termination, breach of any duty, negligence, and negligent and/or intentional infliction of emotional distress, invasion of privacy, alleged constitutional violation(s) of any kind, and/or arising under or pursuant to any other federal and/or state constitution, statute, law, rule, regulation, or common law claim or remedy; together with and including all Claims and Remedies for backpay, front pay, reinstatement to employment, injunctive relief, equitable or other relief, actual damages, compensatory damages, consequential damages, punitive damages, liquidated damages, benefits, interest, costs, and attorneys' fees. For the same consideration, Ms. Edwards hereby waives and relinquishes forever any claim or right she may have or claim to have to reinstatement to her employment with Minact. Ms. Edwards also hereby waives and relinquishes, for the same consideration, any right she may have or claim to have to file an appeal in connection with the Court's Memorandum Opinion and Order Granting in Part and

2

>  Denying in Part Defendant's Motion to Dismiss (filed on June 18, 2018 as Doc. 11 in Civil Action Number 3:17-cv-909).
>
> b. **<u>Dismissal with Prejudice of Civil Action Number 3:17-cv-909 by Ms. Edwards</u>**: For the same consideration, Ms. Edwards agrees to dismiss the referenced Civil Action Number 3:17-cv-909 in its entirety with prejudice, with the parties to such action to each bear their or its own respective attorneys' fees and costs.
>
> c. **<u>No future employment/assignment</u>**: For the same consideration, Ms. Edwards agrees and recognizes that her direct or indirect employment relationship with Minact and/or at Nissan's Canton Plant has been permanently and irrevocably severed and that she will not apply for employment, assignment, placement, or contractor status, or otherwise seek or accept reemployment or reassignment with or by Minact, Nissan, or any other contractor or employer on-site at Nissan's Canton Plant. Ms. Edwards agrees that failure to hire or accept her for employment or assignment in the future will not subject Minact, Nissan, or any other contractor or employer at Nissan's Canton Plant to liability of any kind. Ms. Edwards further agrees that any future direct or indirect application for employment, placement, or other assignment by her to Minact, Nissan, or any other contractor or employer at Nissan's Canton Plant, shall be a material breach of this Agreement and may be rejected solely on the basis of this Agreement.

3. **<u>Confidentiality.</u>** Ms. Edwards hereby further covenants and agrees, for the same consideration, that except as may be reasonably required for purposes of filing state and/or federal income tax returns, or for seeking advice from a professional tax adviser with respect thereto; and/or as may be reasonably required for consultation with an attorney for the purpose of obtaining legal advice concerning whether to execute this Agreement, that she will not publish, disclose, disseminate, or divulge to any person or entity the fact and/or terms and conditions of this settlement and/or this Agreement, and that she shall maintain said information in a strictly confidential manner. In the event Ms. Edwards is requested or ordered by litigation request, subpoena, or court order, to disclose the fact and/or terms and conditions of this settlement and/or this Agreement in any agency or court, she agrees, for the same consideration, that she will immediately notify Minact of such request or order (by notifying Kabah Ealy, Minact Logistical Services, LLC; (601) 362-1631 (phone); kealy@minact.com (email)), and that she will provide Minact a reasonable and timely opportunity to object to or contest such disclosure by Ms. Edwards.

4. **<u>No admissions.</u>** Ms. Edwards hereby acknowledges and agrees that this Agreement is made and executed, and the funds hereinabove specified are paid, in the settlement and compromise of doubtful and disputed claims and are not and shall not be construed to be an admission of liability or violation of any law by Releasees, or any of them. Releasees expressly deny any and all liability to Ms. Edwards for any reason whatsoever, or violation of any law, rule, or regulation.

5. **Binding effect; governing law.** This Agreement shall be binding upon Ms. Edwards and upon her respective heirs, legetees, devisees, representatives, executors, administrators, agents, successors, and assigns, and shall inure to the benefit of each and all of the Releasees and their respective heirs, legetees, devisees, representatives, executors, administrators, agents, predecessors, successors, and assigns. This Agreement is made and entered into in the State of Mississippi, and shall in all respects be interpreted, enforced, and governed by and under the laws of the State of Mississippi.

6. **Agreement to take further action to effect this Agreement, as necessary.** Should it develop that there are any errors, omissions, or mistakes (whether technical or substantive) in this Agreement, and that because of said errors, omissions, or mistakes, this Agreement provides less than a full and complete release and/or waiver of claims as set forth in this Agreement as to each and all of the Releasees herein, Ms. Edwards hereby covenants and agrees, for the same consideration, to execute any and all additional documents, and to take any and all additional actions as may be necessary or appropriate to effectuate a full and complete release and/or waiver of claims as set forth in this Agreement as to each and all of the Releasees.

7. **Merger Clause.** This Agreement represents the full and complete Agreement of the parties with respect to the subject matter hereof. All prior oral discussions, representations, or communications of the parties to this Agreement concerning the subject matter hereof are merged into this Agreement. This Agreement may not be amended, rescinded, or in any way altered except by a written instrument signed by the parties hereto and/or a duly authorized representative thereof, as appropriate.

8. **Severability.** In the event any portion of this Agreement, or application thereof, is finally determined by a court of competent jurisdiction to be unenforceable, such determination shall not in any manner affect the remainder of this Agreement, which shall remain in full force and effect.

9. **Sole attorneys.** Ms. Edwards hereby warrants and represents to Releasees that she appears *pro se* in connection with the Claims and Remedies, matters, charge(s) and proceedings referenced in this Agreement, and that no attorney has or claims any interest in the funds to be paid pursuant to paragraph 1 of this Agreement.

10. **Effective date.** This Agreement shall become effective upon the date of execution of the Agreement by the last party to execute it.

**MS. EDWARDS AGREES AND REPRESENTS THAT SHE HAS CAREFULLY READ THIS AGREEMENT, KNOWS AND UNDERSTANDS ITS TERMS AND CONTENTS, AND HAS INDICATED HER KNOWING AND VOLUNTARY ASSENT TO THE TERMS OF THIS AGREEMENT BY SIGNING BELOW.**

**IN WITNESS WHEREOF**, the undersigned have executed this Agreement.

_____
KIMBERLY EDWARDS [SSN: ███████ ]

Date: _____

MINACT LOGISTICAL SERVICES, LLC

By: _____

Title: _____

Date:_____

5

STATE OF MISSISSIPPI
COUNTY OF _____

     Personally appeared before me, the undersigned authority in and for the said county and state, on the _____ day of _____, 2018, within my jurisdiction, the within named KIMBERLY EDWARDS, who acknowledged that she executed the above and foregoing Confidential Settlement Agreement and Release and Waiver of Claims.

     SWORN TO AND SUBCRIBED before me this the _____ day of _____, 2018.


                                                                                      _____
                                                                                      NOTARY PUBLIC


My Commission Expires:


_____
(Seal)

STATE OF MISSISSIPPI
COUNTY OF _____

 Personally appeared before me, the undersigned authority in and for the said county and state, on this _____ day of _____, 2018, within my jurisdiction, the within named AUGUSTUS L. COLLINS, who acknowledged that he is Chief Executive Officer of Minact Logistical Services, LLC, a limited liability company, and that for and on behalf of the said company, and as its act and deed he executed the above and foregoing Confidential Settlement Agreement and Release and Waiver of Claims, after first having been duly authorized by said company to do so.

 SWORN TO AND SUBCRIBED before me this the _____ day of _____, 2018.

                    _____
                    NOTARY PUBLIC

My Commission Expires:

_____
(Seal)