IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**KIMBERLY EDWARDS**                                                      **PLAINTIFF**

**V.**                          **CIVIL ACTION NO. 3:17CV909-HSO-LRA**

**MINACT LOGISTICAL
SERVICES**                                                **DEFENDANT**

## REPORT AND RECOMMNEDATION OF
## UNITED STATES MAGISTRATE JUDGE

Defendant Minact Logistical Services filed a Motion to Enforce and Approve Settlement [16] on September 12, 2018. The motion was referred to the undersigned Magistrate Judge for Report and Recommendation by District Judge Halil S. Ozerden by Order [19] filed November 18, 2018. Having considered the motion, the pleadings, and the applicable law, the undersigned recommends that the motion be granted.

Plaintiff Kimberly Edwards [hereinafter "Plaintiff' or "Edwards"] filed her pro se Complaint on November 15, 2017. By Order entered June 18, 2018 [11], this Court dismissed all of her claims except for the alleged unpaid overtime claim under the Fair Labor Standards Act ("FLSA").

On August 13, 2018, all parties participated in a telephonic case management conference before the undersigned. As is customary, the undersigned asked all parties about the possibility of settling the claims prior to any party incurring additional costs of litigation. Edwards offered to settle her entire case for the total amount of $400. Defense

counsel requested time to consider the offer, and the telephonic conference was rescheduled.

On August 20, 2018, the parties and the undersigned reconvened for the telephonic conference. Defendant Minact agreed to pay Edwards the total amount of $400 to settle the case, subject to certain terms, including no admission of liability on its part. The undersigned explained all of the terms and conditions of the proposed settlement to Edwards on the record. All parties agreed that the terms and conditions would be memorialized in a written settlement agreement, to be signed by all parties prior to the payment being made.

While the settlement documents were being prepared, on August 24, 2018, Edwards filed a "Motion to Proceed with Trial" [14]. Liberally construed, the motion indicates that she wanted to withdraw her agreement to settle the case and to proceed to trial on those claims and the claims previously dismissed by this Court. Defendant filed its Motion to Enforce and Approve Settlement [16] on September 12, 2018. It attached an audio recording of the conference as Exhibit A [16-1] and a copy of the proposed agreement as Exhibit C [16-3]. The terms of the agreement are discussed in detail in Minact's Memorandum [17, p. 4].

Plaintiff never filed a written response to Defendant's Motion to Enforce and Approve Settlement. In an attempt to conclude the settlement, the undersigned scheduled a hearing on the pending motions on October 31, 2018. The notice of the setting was mailed to Edwards at the address she gave the Clerk of the Court, P. 0. Box 312, Pickens,

Mississippi 39146. It was mailed on October 18, 2018, 13 days prior to the October 31st hearing. The notice was not returned by the United States Postal Service, so the Court must assume that she received the notice. Plaintiff Edwards did not appear for the hearing, nor did she contact the Court to reschedule the hearing or to report a conflict. Defense counsel did appear at the scheduled time.

The undersigned conducted the proceedings regarding the proposed settlement of the case and is confident that Plaintiff Edwards understood the terms of the settlement and that she desired to dismiss her case on those terms. She may have changed her mind in the days thereafter, but she certainly understood the settlement and wanted to conclude her case at that time. In fact, she was clearly advised by the Court that her acknowledgment of agreement to settle was binding. The undersigned discussed with her the merits of her claims, as well as Minact's defenses; the undersigned concluded that the settlement terms were fair under the circumstances of Plaintiff's case.

As Defendant points out, the Court has the inherent power to "recognize, encourage, and when necessary enforce settlement agreements reached by the parties." *Bell v. Schexnayder*, 36 F.3d 447, 449 (5th Cir. 1994). Settlements which are undisputed and lmowingly and voluntarily agreed upon by the parties should be enforced. *See In re Deepwater*, 786 F.3d 344, 354 (5th Cir. 2015) (courts may summarily enforce settlement agreements where no material facts are in dispute). No material facts are in dispute regarding the settlement in this case: Plaintiff did not respond to the motion to enforce, nor did she attend the hearing on the motion scheduled October 31, 2018. She has

obviously lost interest in her case, and her failure to file any written response or to attend the hearing evidences her concession as to the factual allegations set forth in the motion.

For these reasons, the undersigned recommends that Defendant Minact's Motion to Enforce and Approve Settlement [16] be granted and that Plaintiff's Motion for Trial [14] be denied. An Order should be entered enforcing and approving the agreed settlement of this action and ordering Plaintiff to sign the proposed Release. The Court should thereafter dismiss this action in its entirety with prejudice, with the parties to bear their own respective costs and attorneys' fees.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the Local Uniform Civil Rules of the United States District Courts for the Southern District of Mississippi, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections. Within seven days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.    28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective

December 1, 2009); Douglas v. United Services Automobile Association, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 16th day of November 2018.

s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE
