IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

KIMBERLY EDWARDS                                              PLAINTIFF

v.                                          Civil No. 3:17cv909-HSO-LRA

MINACT LOGISTICAL SERVICES                                    DEFENDANT

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS [21], ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [20], GRANTING DEFENDANT'S MOTION [16] TO ENFORCE AND APPROVE SETTLEMENT, APPROVING THE SETTLEMENT, DENYING PLAINTIFF'S MOTION [14] TO PROCEED WITH TRIAL, AND DISMISSING PLAINTIFF'S COMPLAINT WITH PREJUDICE**

BEFORE THE COURT is the Report and Recommendation [20] of United States Magistrate Judge Linda R. Anderson, entered in this case on November 16, 2018. Plaintiff Kimberly Edwards has filed Objections [21] to the Report and Recommendation, along with a Motion [14] to Proceed with Trial. Also before the Court is Defendant Minact Logistical Services' Motion [16] to Enforce and Approve Settlement. After due consideration of the Report and Recommendation [20], the parties' Motions [14] [16], Plaintiff's Objections [21], the record, and relevant legal authority, the Court finds that Plaintiff's Objections [21] should be overruled, the Magistrate Judge's Report and Recommendation should be adopted as the Order of this Court, Defendant's Motion [16] should be granted, the settlement should be enforced, and Plaintiff's Motion [14] should be denied. This civil action should be

dismissed with prejudice.

## I. RELEVANT BACKGROUND

Plaintiff Kimberly Edwards ("Plaintiff") filed a pro se Complaint in this Court on November 15, 2017, alleging that Defendant Minact Logistical Services, LLC ("Defendant"), discriminated and retaliated against her, withheld overtime wages, denied her sick leave, and violated her privacy. *See* Compl. [1]. Defendant filed a Motion [8] to Dismiss, and the Court ultimately dismissed all of Plaintiff's claims except for her claim under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, that she was denied overtime. Order [11] at 5-7. The Court determined that Plaintiff failed to state a claim that she was denied sick leave under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.*, *id.* at 10-11, and that her claims for violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-2, *et seq.*, of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*, and for invasion of privacy under state law, were time-barred by the applicable statutes of limitations. *Id.* at 11-12.

Subsequently, during an August 20, 2018, settlement conference before the Magistrate Judge, the case settled. Minute Entry, August 20, 2018. Four days later Plaintiff filed what she entitled a "Motion to Proceed with Trial." Pl.'s Mot. [14]. In it, Plaintiff reasserted the facts and claims of her Complaint [1], including those which the Court had previously dismissed. Defendant filed its Response [15] in Opposition on September 7, 2018, and argued that Plaintiff's Motion should be denied because it contravened the settlement reached by the parties. Def.'s Resp.

[15] at 2. Defendant also contended that to the extent Plaintiff's Motion could be construed as a motion for reconsideration, it should be denied because Plaintiff had neither established that the Court's Order [11] was erroneous nor had she offered any newly-discovered evidence. *Id.* at 2-3.

On September 12, 2018, Defendant filed a Motion [16] to Enforce and Approve Settlement and included its proposed Settlement and Release as an exhibit. Exhibit C [16-3]. To date, Plaintiff has not filed a response to Defendant's Motion [16]. Because the Magistrate Judge was in the best position to evaluate in the first instance whether the settlement should be enforced, the Court referred Defendant's Motion [16] to the Magistrate Judge for resolution. Order [19]. The Magistrate Judge scheduled a hearing on both pending Motions [14] [16]. Notice of Setting, Oct. 18, 2018. Although notice was mailed to Plaintiff at her address of record, she did not appear for the hearing. Minute Entry, Oct. 31, 2018.

On November 16, 2018, the Magistrate Judge entered a Report and Recommendation [20], which was mailed to Plaintiff at her address of record. The Magistrate Judge recommended that the Court grant Defendant's Motion [16] to Enforce and Approve Settlement and deny Plaintiff's Motion [14] to Proceed with Trial. R. & R. [20] at 4. Edwards submitted written Objections[1] [21] on December 4, 2018, indicating that she would like to "move forward with the court." Pl.'s Obj. [21] at 7 (all-caps removed). Edwards spends the remainder of her Objections [21] arguing the merits of her remaining FLSA claim and of the claims

---

[1] Although Edwards titled the document "Notice of Appeals to Enforce and Approve Settlement," the Clerk and the Court construe these as her objections to the Report and Recommendation [20].

3

previously dismissed by this Court. *Id.* at 2-8. Defendant filed a Response [22] to Edwards' Objections [21] arguing that Edwards' objections are improper, insufficient to warrant de novo review, and lack merit.

## II. DISCUSSION

A. The Magistrate Judge's Report and Recommendation [20] should be adopted.

1. Relevant legal standards

Where no party has objected to a magistrate judge's proposed findings of fact and recommendation, the Court need not conduct a de novo review of it. 28 U.S.C. § 636(b)(1) ("[A] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). In such cases, the Court applies the "clearly erroneous, abuse of discretion and contrary to law" standard of review. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

However, where a party submits written objections, the Court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). "Such review means that this Court will examine the entire record and will make an independent assessment of the law." *Lambert v. Denmark,* Civil No. 2:12-cv-74-KS-MTP, 2013 WL 786356, *1 (S.D. Miss. Mar. 1, 2013); *see Goodman v. United States*, 518 F.2d 505, 509 (5th Cir. 1975) (citing *United States v. First City Nat'l Bank*, 386 U.S. 361, 368 (1967)). In conducting a de novo review, the Court is not "required to reiterate the findings and conclusions of the magistrate judge." *Koetting v. Thompson*, 995

F.2d 37, 40 (5th Cir. 1993).

2. <u>Analysis</u>

Edwards' objection[2] to the Report and Recommendation [20] appears to be her general desire to pursue her case and thus to "move forward with the court." Pl.'s Obj. [21] at 7 (all-caps removed). Plaintiff does not object to a single particular finding of fact or conclusion of law made in the Magistrate Judge's Report and Recommendation. *See id.* Because Edwards fails to raise any specific objection to any portion of the Report and Recommendation [20], the Court need not conduct a de novo review, *see* 28 U.S.C. § 636(b)(1), and need only review under the "clearly erroneous, abuse of discretion and contrary to law" standard of review, *Wilson*, 864 F.2d at 1221. After conducting the necessary review, the Court concludes that the Magistrate Judge's findings are not clearly erroneous, nor are they an abuse of discretion or contrary to law. *See Wilson*, 864 F.2d at 1221.

While even under a liberal construction, Plaintiff's Objections [21] are not the type that are sufficient to trigger a de novo review, *see* 28 U.S.C. § 636(b)(1), out of an abundance of caution the Court has nevertheless conducted such a review. The record supports the conclusion that Plaintiff settled her claims with Defendant during proceedings held before the Magistrate Judge. Minute Entry, Aug. 20, 2018. The recording of the telephonic case management conference, filed as Exhibit "A" to Defendant's Motion [16], evidences that Plaintiff entered the settlement knowingly and voluntarily and understood that the settlement was

---

[2] The remainder of Edwards' Objections [21] do not relate to the Report and Recommendation [20] but largely reargue previously dismissed claims.

5

binding.  *See Bell v. Schexnayder*, 36 F.3d 447, 449 (5th Cir. 1994).  Further, Plaintiff has not shown any basis to set aside the agreement.

After conducting a de novo review, the Court agrees with the Magistrate's conclusions.  Accordingly, Plaintiff's Objections [21] should be overruled and the Magistrate Judge's Report and Recommendation [20] should be adopted as the finding of this Court.  Defendant's Motion [16] to Enforce Settlement should be granted, and the settlement should be enforced in accordance with the terms of the proposed Settlement Agreement and Waiver and Release [16].

Further, having considered Defendant's Motion [16], the Settlement Agreement and Release and Waiver [16-3], the facts supporting the fairness and reasonableness of the proposed settlement presented by the parties, and relevant legal authority, the Court finds that the settlement involves the resolution of a bona fide dispute under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and is fair and reasonable.  The Defendant's Motion [16] to approve the settlement should be granted, and the settlement should be approved.

B. <u>Plaintiff's Motion [14] to Proceed with Trial should be denied.</u>

Plaintiff's Motion [14] to Proceed with Trial reiterates claims previously dismissed by this Court.  *See* Order [11].  The Court finds that Plaintiff's pro se Motion [14] should be liberally construed as a motion for reconsideration.[3]  *See Erickson v. Pardus*, 661 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) ("A document filed *pro se* is 'to be liberally construed.'").

---

[3] Rule 54(b) allows parties to seek reconsideration of interlocutory orders.  FED. R. CIV. P. 54(b).

In dismissing all of Plaintiff's claims with the exception of her FLSA claim, the Court fully considered the factual allegations and claims contained in Plaintiff's Complaint. Upon additional review, Plaintiff's claims for violation of Title VII, of the ADEA, and for invasion of privacy under state law, remain time-barred by the applicable statutes of limitations. *See* Order [11]. Further, Plaintiff has established neither manifest error nor presented any "newly discovered evidence."[4] *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). Although Plaintiff presents additional facts regarding her FMLA claim, these facts were well within her knowledge prior to her filing her complaint and prior to the Court's dismissal of the FMLA claim.[5] *See Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (holding that the district court did not abuse its discretion in denying a motion for reconsideration where the new facts were "well within the [party's] knowledge").

Having concluded that Defendant's Motion [16] to Enforce and Approve Settlement should be granted and that the Settlement Agreement and Release and Waiver [16-3] should be approved, the Court finds that Plaintiff's Motion [14] to Proceed with Trial, whether construed as titled or as a motion for reconsideration, is not well taken and should be denied.

III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiff's

---

[4] "[C]ourts within this Circuit apply the Rule 59(e) standard to Rule 54(b) motions to reconsider interlocutory orders." *Koch Foods, Inc. v. Pate Dawson Co.*, No. 3:16-CV-355-DCB-MTP, 2018 WL 1972518, at *1 (S.D. Miss. Apr. 25, 2018).

[5] Plaintiff has also never moved to amend her Complaint [1].

7

Objections [21] to the Report and Recommendation [20] of United States Magistrate Judge Linda R. Anderson, are **OVERRULED**, and the Report and Recommendation [20], entered in this case on November 16, 2018, is **ADOPTED** in its entirety as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Defendant's Motion [16] to Enforce and Approve Settlement is **GRANTED**, and the parties' settlement is **APPROVED.**

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Plaintiff's Motion [14] to Proceed with Trial is **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Plaintiff's remaining claims under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, are **DISMISSED WITH PREJUDICE**, with each party to bear their own costs, except as otherwise provided in the Proposed Settlement Agreement and Release and Waiver.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that this civil action is **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED**, this the 13th day of December, 2018.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE